UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATASHA WATSON, § | |
| Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:06-cv-01700 |
| § | |
| I.C. SYSTEM, INC., § | JURY DEMAND |
| Defendant § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Natasha Watson, aka Natasha Brandon, Plaintiff in the above-numbered and styled case, complaining of and against I.C. System, Inc., and for cause of action would respectfully state the following:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Natasha Watson, is an individual residing at 10300 Harwin Drive, Apartment 1019, Houston, Texas 77036-1528. Plaintiff is also known under her maiden name, Natasha Brandon.

4. Defendant, I.C. System, Inc. (hereinafter "ICS"), is a Minnesota corporation engaged in the business of collecting debts in this state with its principal place of business located at 444 East Highway 96, St. Paul, Minnesota 55127. The principal purpose of Defendant ICS is the collection of debts using the mails, and Defendant ICS regularly attempts to collect debts alleged to be due another. ICS may be served by service on its registered agent as listed with through the Texas Secretary of State's office as CT Corporation System, 250 N. St. Paul Street, Dallas, Texas 75201.

5. Defendant ICS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## IV.  FACTUAL ALLEGATIONS

6. On or about February 6, 2006, Plaintiff received a letter from Defendant, signed by B. Brown, Manager, dunning her on a purported delinquent account that was turned over to the Defendant for collections by Dr. Mary Jo Zanders.

7. On or about March 2, 2006, Plaintiff sent a letter to the Defendant requesting that the Defendant validate the debt and that she disputes the debt. The letter was received by the Defendant on March 6, 2006.

8. On or about March 16, 2006, Plaintiff received a letter from the Defendant dated March 14, 2006 which states as follows:

> Our files indicate your account is in dispute. Since we haven't had sufficient time to complete our investigation of the dispute we are Withdrawing [*sic*] the account. Once verification is received, we will forward a copy to you and resume Collection [*sic*] activity.

The letter is again signed by B. Brown, Manager.

9. On or about March 26, 2006, Plaintiff received a letter from the Defendant dated March 24, 2006, dunning her on the same purported delinquent account. The letter threatens that, "[Plaintiff is] hereby notified that I.C. System will forward the account information to the national credit reporting agencies if you fail to fulfill the terms of your

credit obligations." Similar to the previous letters, this letter too was signed by B. Brown, Manager.

10. In a letter dated March 20, 2006 Defendant wrote to Plaintiff requesting that she use a form provided to dispute the account and to include any information pertinent to the dispute. The letter further indicates that, "[u]pon receipt of this written dispute, we will obtain verification of the debt and mail that to you."

### V.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff incorporates paragraphs 1-12 above.

12. Defendant ICS violated the FDCPA by continuing collection activities on a purported debt after receiving a request for validation by the Plaintiff in violation of 15 U.S.C. § 1692g(b).

13. Defendant ICS violated the FDCPA representing to the Plaintiff that it would obtain verification of the debt after it received the form sent to Plaintiff dated March 30, 2006 in violation of 15 U.S.C. § 1692g(b).

14. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3), including fees in the event of appeal; and

D. Such other and further relief as may be just and proper.

Case 4:06-cv-01700 Document 1 Filed in TXSD on 05/18/06 Page 4 of 4

       Respectfully submitted,

       /s/ Dana Karni_____
DANA KARNI
LAW OFFICE OF RICHARD TOMLINSON
State Bar No. 24044379
S.D. Texas Bar No. 592484
1 Greenway Plaza, Suite 325
Houston, Texas 77046
Telephone:   (713) 627-2100
Facsimile:   (713) 627-2101

ATTORNEY FOR PLAINTIFF